IN THE CIRCUIT COURT FOR MAURY COUNTY, TENNESSEE
AT COLUMBIA

2010 AUG -2 PM 2: 24
FILED
KATHY KELLEY
CIRCUIT COURT CLERK
MAURY COUNTY, TN

| | |
|---|---|
| BETTY JANE SMITH | ) |
| Plaintiff, | ) |
| v. | ) DOCKET NO. 13476 |
| | ) Jury Demand |
| WAL-MART STORES EAST, LP | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Betty Jane Smith ("Ms. Smith"), and for her Complaint against the Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), would state and show as follows:

### PARTIES AND BACKGROUND

1. Ms. Smith is an adult resident and citizen of Maury County, Tennessee residing at 615 Circle Drive, Mt. Pleasant, Tennessee 38474, with a date of birth of July 23, 1951.

2. Wal-Mart is a foreign corporation operating and existing in the State of Tennessee pursuant to the laws of this state and the rules and regulations promulgated by the Tennessee Secretary of State.

3. Wal-Mart is a for profit limited corporation with a principal business address of 702 SW 7th Street, Bentonville, Arkansas. Service of Process may be obtained upon Wal-Mart via their registered agent for Service of Process at CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

4. Plaintiff's claim for relief arises from an accident which occurred at the Wal-Mart facility located 2202 Brookemeade Drive in Columbia, Maury County, Tennessee. Upon

EXHIBIT A

information and belief such specific facility bears the store number of 192. Venue is proper pursuant to Tenn. Code Ann. §20-4-101(a).

5. On or about August 1, 2009, Ms. Smith was a patron on the property of the Wal-Mart Store No. 192 located at 2202 Brookemeade Drive in Columbia, Maury County, Tennessee.

6. At that same time, the Defendant entity was open for business and welcomed members of the public to patronize their facility for the purposes such facility was designed for.

7. Specifically, on or about August 1, 2010, Ms. Smith entered into the Defendant's property at 2202 Brookemeade Drive in Columbia, Maury County, Tennessee intending to purchase certain items within such facility. As Ms. Barnes was leaving the perfume counter and was entering the housewares department, she slipped on a "gooey" substance and landed flat on her back.

8. The Defendant, and/or its employees, negligently permitted such dangerous substance to exist and remain upon the floor without regard for the safety of the patrons to their facility.

9. As a direct and proximate result of the Defendant, and/or its employee's negligence, Ms. Smith slipped on the substance resulting in serious and painful personal injuries for which she has been, and continues to be, treated by numerous medical providers.

## COUNT I
## NEGLIGENCE AS TO DEFENDANT

10. Plaintiff avers that the dangerous substance on the floor as described herein was caused or created by Defendant and/or its employees.

11. Plaintiff further avers that Defendant, and/or its employees, had or should have had actual or constructive notice that the dangerous substance, as described herein, existed prior to the incident and subsequent injuries of Ms. Smith on August 1, 2009.

12. Plaintiff further avers that Defendant, and/or its employees, had a duty to exercise reasonable care to its patrons to prevent injury.

13. Plaintiff further avers that the conduct of Defendant, and/or its employees, fell below the standard of care required of them amounting to a beach of such duty.

14. As a direct and proximate result of the negligence of Defendant, and/or its employees, Ms. Smith sustained injury and loss as described herein, including but not limited to personal injuries, medical expenses and pain and suffering.

## COUNT II
## DAMAGES

15. As a direct and proximate result of the Defendant, and/or its employee's negligence, Ms. Smith has suffered serious personal injuries.

16. Furthermore, as a direct and proximate result of the Defendant and/or its employee's negligence, Ms. Smith was forced to undergo extensive medical treatment, including but not limited to, radiological studies, physicians visits and emergency treatment.

17. As a direct and proximate result of the Defendant and/or its employee's negligence, Ms. Smith has suffered a loss of enjoyment of life as well as pain and suffering.

**WHEREFORE**, Plaintiff, Betty Jane Smith, sues the Defendant, Wal-Mart, for bodily injury, pain and suffering, and all other compensatory and punitive damages to which she is entitled and demands judgment in an amount not less that $100,000.00. The Plaintiff, further sues for all costs of this cause including discretionary expenses and court costs and further demands a jury of twelve (12) be empanelled to try all issues joined in this cause.

3

Respectfully Submitted,

HARDIN, PARKES, KELLEY & CARTER, PLLC

BY: _____/s/_____ #28278
J. Russell Parkes, #12453
Charles M. Molder, #28278
Attorney for Plaintiff
102 West Seventh Street
Post Office Box 929
Columbia, Tennessee 38402-0929
(931) 388-4022

## COST BOND

We acknowledge ourselves sureties, for all costs, taxes and damages in this case in accordance with Tenn. Code Ann. §20-12-120.

This the _____ day of August, 2010.

HARDIN, PARKES, KELLEY & CARTER, PLLC

BY: J. Russell Parkes w/ permission Chas M. M. 28278
J. RUSSELL PARKES

4